Jordan P. Kendell (10950)
**EISENBERG CUTT KENDELL & OLSON**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Phone: 801-366-9100
Facsimile: 801-350-0065
Email:  jkendell@eckolaw.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Magistrate Judge**
**Judge**

Civil Action No. 1:21-cv-00465

REBECCA CRITCHLOW, individually; and
NICOLE ROBERTSON, individually;

    Plaintiffs,

v.

KVP TRUCKING, LLC, a Colorado
limited liability company; and
ABDI FARAH, individually;

    Defendants.

---

## COMPLAINT AND JURY DEMAND

---

Plaintiffs, by and through counsel, hereby complain against Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Rebecca Critchlow, at all times relevant hereto was a citizen of Utah.

2. Plaintiff, Nicole Robertson, at all times relevant hereto was a citizen of Utah.

3. The individuals identified paragraphs 1-2 may be collectively referred to as "Plaintiffs."

4. Plaintiffs are the natural surviving children of Terry Addison ("Mr. Addison"), deceased.

5. Defendant, KVP Trucking, LLC ("Defendant KVP"), is a Colorado limited liability company with its principal place of business in Aurora, Colorado.

6. Upon information and belief, each member of Defendant KVP is a citizen of Colorado.

7. Defendant KVP is, therefore, a citizen of Colorado.

8. Upon information and belief, Defendant Abdi Farah ("Defendant Farah"), at all times relevant hereto was a citizen of Nebraska.

9. Defendant KVP and Defendant Farah may be collectively referred to as "Defendants."

10. The amount in controversy in this matter exceeds $75,000, exclusive of interest and costs.

11. Jurisdiction is properly placed before this Court pursuant to 28 U.S.C.A. § 1332 because there is complete diversity of citizenship.

12. Venue is properly placed before this Court pursuant to 28 U.S.C.A. § 1391 because the incident occurred in Eagle County, Colorado.

## FACTUAL ALLEGATIONS

13. On November 26, 2019 at around 4:30 a.m., Defendant Farah was driving a semitruck and trailer (the "Truck") westbound on I-70 near mile point 170.1 in Eagle County, Colorado.

14. The roadway had snow on it, there was a curve in the roadway, and Defendant Farah was driving too fast for the conditions.

15. Defendant Farah lost control of the Truck, traveled off the left side of the road, and collided with the guardrail.

16. The truck then proceeded across both westbound travel lanes and collided with the guardrail on the right side of the road.

17. The Truck then rotated clockwise and rolled ¼ time onto its left side, thereby blocking westbound traffic.

18. At the same time, Mr. Addison was also driving a semitruck westbound on I-70.

19. Mr. Addison was not able to avoid the Truck in the roadway and collided with the trailer portion of the Truck (the "Crash").

20. Upon information and belief, there were other vehicles that collided with the Truck.

21. As a result of the Crash, Mr. Addison sustained serious injuries, which he died from that morning.

22. Plaintiffs bring this wrongful-death claim against Defendants for noneconomic damages, including grief, loss of companionship, pain and suffering, and emotional distress; and funeral expenses.

**FIRST CLAIM FOR RELIEF**
**(Negligence and Recklessness – Defendant Farah)**

23. Plaintiffs incorporate all prior allegations as if set forth fully herein and further allege the following:

24. Defendant Farah owed a duty to exercise reasonable care in the operation of the Truck.

25. Defendant Farah breached this duty of care, without limitation, as follows:

    a. Operating the Truck at an unsafe and excessive speed for the conditions;

    b. Failing to maintain control of the Truck;

      c.      Obstructing the flow of traffic; and

      d.      Such other acts of negligence and/or recklessness as discovery may reveal.

26.     Defendant Farah's conduct set forth above constitutes negligence and/or a wanton or willful disregard for the safety of others.

27.     Defendant Farah's conduct was a proximate cause of Mr. Addison's death and Plaintiffs' damages.

## SECOND CLAIM FOR RELIEF
### (Negligence Per Se – Defendant Farah)

28.     Plaintiffs incorporate all prior allegations as if set forth fully herein and further allege the following:

29.     49 C.F.R. § 392.14 imposes a duty on drivers of commercial motor vehicles, including Defendant Farah, requiring that "[e]xtreme caution in the operation of a commercial motor vehicle shall be exercised when hazardous conditions such as those caused by snow, ice, sleet, fog, mist, rain, dust, or smoke, adversely affect visibility or traction. Speed shall be reduced when such conditions exist. If conditions become sufficiently dangerous, the operation of the commercial motor vehicle shall be discontinued and shall not be resumed until the commercial motor vehicle can be safely operated."

30.     Defendant Farah had a duty to drive at a reasonable and prudent speed under the circumstances then existing. Colo. Rev. Stat. § 42-4-1101.

31.     Defendant Farah had a duty not to drive "in such a manner as to indicate either a wanton or a willful disregard for the safety of persons." Colo. Rev. Stat. § 42-4-1401.

32. Defendant Farah had a duty not to drive "in a careless and imprudent manner, without due regard for the width, grade, curves, corners, traffic, and use of the streets and highways and all other attendant circumstances." Colo. Rev. Stat. § 42-4-1402.

33. Mr. Addison was a member of the class of persons these regulations and statutes were intended to protect, and he sustained the type of harm they were intended to prevent.

34. Defendant Farah's violations of these regulations and statutes constitutes negligence per se.

35. As a direct and proximate result of Defendant Farah's violations of these regulations and statutes, Mr. Addison died and Plaintiffs sustained the damages described herein.

### THIRD CLAIM FOR RELIEF
(Vicarious Liability – Defendant KVP)

36. Plaintiffs incorporate all prior allegations as if set forth fully herein and further allege the following:

37. Defendant Farah was an employee, agent, and/or other person acting under the direction and control of Defendant KVP and was operating the Truck within the course and scope of his employment, agency, and/or direction and control at the time of the Crash.

38. As previously described, Defendant Farah was negligent and/or reckless in the operation of the Truck, and his conduct was a direct and proximate cause of Mr. Addison's death and the damages sustained by Plaintiffs.

39. Defendant KVP is vicariously liable for the conduct of Defendant Farah under the doctrine of *respondeat superior* and is, therefore, liable for the damages sustained by Plaintiffs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment against Defendants as follows:

1. For funeral expenses in an amount to be proven at trial;

2. For noneconomic damages in an amount to be proven at trial;

3. For costs, pre- and post-judgment interest, and attorney fees as provided by law; and

4. For such further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs hereby request a trial by jury on all issues that may be tried to a jury.

Dated this 17th day of February, 2021.

/s/ Jordan P. Kendell
Jordan P. Kendell
**EISENBERG CUTT KENDELL & OLSON**
215 South State Street, Suite 900
Salt Lake City, Utah 84111
Telephone:  (801) 366-9100
Facsimile:   (801) 350-0065
Email: jkendell@eckolaw.com
*Attorneys for Plaintiffs*

**PLAINTIFFS' ADDRESSES:**
Nicole Robertson
457 East 300 North
Spanish Fork, Utah 84660

Rebecca Critchlow
652 West Utah Ave
Payson, Utah 84651